IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW N. JONES, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-731-RGA |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, | : |
| Defendant. | : |

Matthew N. Jones, Greenwood, Delaware. *Pro Se* Plaintiff.

**MEMORANDUM OPINION**

November 19, 2015
Wilmington, Delaware

*signature* 
ANDREWS, U.S. District Judge:

Plaintiff Matthew N. Jones, who appears *pro se* and has paid the filing fee, filed this action against the United States District Court for the District of Delaware on August 24, 2015. (D.I. 2).

Plaintiff has filed several civil lawsuits in this court. In each case he sought leave to proceed *in forma pauperis* and, in all cases, the motions were denied based upon his annual income. Plaintiff was ordered to pay the filing fee owed for each case and advised in each case that the case would be closed should he fail to timely pay the filing fee. He did not pay the filing fee in most cases, and the cases were closed.[1]

Plaintiff complains that he should have been granted leave to proceed *in forma pauperis*. He alleges that, because his motions were denied, he was unable to treat his medical needs, he is stuck in a false identity given to him by his kidnapper, and he is in the custody of a "horribly violent, insane serial-killer who has murdered several family members and attempted to take [his] life several times for many years." (D.I. 2 at 7). Plaintiff seeks one million dollars in damages. Defendant was served on November 12, 2015. (D.I. 6).

The court has broad discretion in deciding whether to dismiss an action pursuant to its inherent authority to manage its docket. *Lee v. Krieg*, 227 F. App'x 146, 148 (3d Cir. 2007); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (the court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious

---

[1] Plaintiff paid the filing fee in one case, Civ. No. 15-204-RGA, which was dismissed on July 6, 2015, upon defendant's motion. (Civ. No. 15-204-RGA, D.I. 24, 25).

disposition of cases."). In addition, the court may curtail amendment of the complaint where there is "futility of amendment." See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Subject matter jurisdiction is a threshold requirement for asserting a claim in federal court. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A court's lack of subject matter jurisdiction may be raised at any time by the court *sua sponte*. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's lawsuit must be dismissed for lack of subject matter jurisdiction. As a unit of the judicial branch of the federal government, Defendant is entitled to sovereign immunity. See *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The United States "may not be sued without its consent . . . the existence of which is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

For the above reasons, the Court will dismiss the Complaint for lack of subject matter jurisdiction. Because the Court lacks subject matter jurisdiction over Plaintiff's claims, amendment would be futile.

An appropriate order will be entered.